**RJE CORP., Plaintiff–Appellee,**

v.

**NORTHVILLE INDUSTRIES CORP., Defendant–Appellant.**

**Docket No. 02–7934.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2003.

Maria T. Vullo (Andrew G. Frank and Matthew J. Kalmanson, Paul, Weiss, Rifkind, Wharton & Garrison, on the brief), New York, NY, for Appellant.

John J. Kuster (D.A. Jeremy Telman, Sidley Austin Brown & Wood LLP, on the brief), New York, NY, for Appellee.

Present: KEARSE and B.D. PARKER, Jr., Circuit Judges, and BERMAN,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-appellant Northville Industries Corp. appeals from a July 24, 2002 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), granting summary judgment to plaintiff-appellee RJE Corp. on its claim against Northville in the amount of $1,653,739.53 plus interest and costs. RJE brought a single claim for breach of contract, alleging that Northville had failed to pay it $1,653,739.53 in insurance proceeds to which RJE was entitled under the parties' Amendatory Agreement. Both parties moved for summary judgment; the District Court denied Northville's motion and granted RJE's. *See RJE Corp. v. Northville Indus. Corp.*, No. 01–CV–2749 (FB), 2002 WL 1396991 (E.D.N.Y. June 25, 2002).

Substantially for the reasons stated by the District Court, we affirm. Northville's

---

* Hon. Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

principal argument on appeal—that RJE's right to recover the $1,653,739.53 must be offset against a payment obligation that RJE incurred under the parties' earlier Purchase Price Adjustment Agreement ("PPAA")—is belied by the plain language of the Amendatory Agreement. The latter agreement states, "Accordingly, the parties agree that, anything in the [PPAA] to the contrary notwithstanding, ... RJE shall receive the first $1,653,739.53 of Net Insurance Proceeds received by Northville." As the District Court concluded, "the parties could not have employed language any clearer or more express ... to override any provision of the PPAA that might have otherwise created a payment obligation." *RJE,* 2002 WL 1396991, at *4. Northville acknowledges that it has received more than $1,653,739.53 in insurance proceeds. We agree with the District Court that "[t]he language employed in the Amendatory Agreement is clear and unequivocal," *id.,* and that RJE is entitled to recover $1,653,739.53 plus interest and costs.

Accordingly, the judgment of the District Court is AFFIRMED.